IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYAH MARKEITH WILLIAMS | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1792-M-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Rayah Markeith Williams, a federal prisoner, has filed, through counsel, a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 1. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

On August 8, 2016, the undersigned issued findings of fact, conclusions of law, and recommendation (the "initial FCR") that, regardless whether Williams's motion to vacate possesses merit, because it is successive (and because, considering the record in the civil action at that time, it was unclear whether Williams has filed a motion for authorization to file a successive Section 2255 motion in the United States Court of Appeals for the Fifth Circuit), the Court should transfer the motion to the Fifth Circuit for appropriate action. *See* Dkt. No. 2.

The initial FCR is hereby VACATED, and this amended findings of fact,

-1-

conclusions of law, and recommendation is entered to consider both the Section 2255 motion and Williams's motion to stay this action pending the Fifth Circuit's decision regarding authorization to file the successive motion to vacate [Dkt. No. 3], which was filed in the criminal case but not docketed in this civil action until after the initial FCR was entered.

The undersigned now recommends that, because the Court lacks jurisdiction over Williams's unauthorized successive Section 2255 motion, that motion should be dismissed without prejudice rather than transferred to the Fifth Circuit and the motion to stay should be denied.

## Applicable Background

As set out in the Court's decision on his first Section 2255 motion, Williams

> was charged in a two-count indictment with bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). After [he] pled guilty to bank robbery, a jury convicted him on the gun charge. The district court assessed punishment at 228 months confinement followed by supervised release for a period of five years. On direct appeal, the Fifth Circuit affirmed [his] gun conviction. *United States v. Williams*, 167 F. App'x 988 (5th Cir. 2006) (per curiam).

*United States v. Williams*, Nos. 3:04-cr-193-M & 3:07-cv-905-M, 2007 WL 3025688, at *1 (N.D. Tex. Oct. 12, 2007) (internal citation modified).

The Court denied his first Section 2255 motion, in which Williams raised claims of insufficiency of the evidence, improper sentencing enhancement, violation of the Fifth Amendment, and ineffective assistance of counsel. *See generally id.*

The Court also denied without prejudice, for lack of jurisdiction, a second Section

2255 motion filed by Williams, in which he claimed he was sentenced under the residual clause of the Armed Career Criminal Act ("ACCA"). *See United States v. Williams*, No. 3:04-cr-193-M (01), 2015 WL 9582828 (N.D. Tex. Dec. 1, 2015), *rec. adopted*, 2015 WL 9587542 (N.D. Tex. Dec. 28, 2015).

Through the current Section 2255 motion, Williams asserts that "[u]se of federal bank robbery – 18 U.S.C. 2113(a) and (d) – as a 'crime of violence' under 18 U.S.C. 924(c) violates due process because it requires application of that statute's 'risk of force' clause," Dkt. No. 1 at 7 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)), and cites that his "924(c) count was premised on a violation of the federal bank robbery statute," *id.*

As Williams's claim implies, "crime of violence" is defined in Section 924(c) in two ways:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Fifth Circuit recently denied authorization to pursue a successive Section 2255 motion challenging, pursuant to *Johnson*, the "crime of violence" definition of Section 924(c)(3)(B).

In *Johnson v. United States*, 135 S.Ct. 2551, 2555-57, 2563 (2015), the

> Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Fields seeks application of *Johnson* to the differently worded "crime of violence" definition [in Section 924(c)(3)(B)].
>
> *Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). However, *Johnson* did not address section 924(c)(3)(B). Moreover, courts of appeals are split on whether to grant permission to file a successive 2255 petition based on the argument that Johnson applies to section 924(c)(3)(B). *Compare Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016) (per curiam) (granting permission to file a successive motion); *In re Pinder*, No. 16-12084, ___F.3d____, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (per curiam) (same); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (per curiam) (same); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (per curiam) (same); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (per curiam) (same), *with Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (per curiam) (denying permission to file a successive motion). This disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B). Further, even if *Johnson* does apply to that provision, the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Fields has therefore not demonstrated that he is entitled to authorization to proceed based on *Johnson*.

*In re Fields*, ___ F.3d ____, No. 16-50521, 2016 WL 3383460, at *1 (5th Cir. June 17, 2016) (per curiam) (some internal citations modified).

Just prior to *Fields*, at least one district court in this circuit rejected the claim that Williams appears to currently make – that after *Johnson*, the federal bank robbery statute is not a "crime of violence" under Section 924(c)(3)(B) – because, as that court held, at the least, aggravated bank robbery (under Section 2113(d), which Williams pled guilty to) is a "crime of violence" under Section 924(c)(3)(A):

> The Court does not need to reach the constitutional issue regarding the

-4-

> residual clause in paragraph (B) because aggravated bank robbery is a "crime of violence" under paragraph (A). A person commits the crime of bank robbery if he "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;...." 18 U.S.C. § 2113(a). A person commits the crime of aggravated bank robbery if, while committing a bank robbery, he "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device...." 18 U.S.C. § 2113(d). Aggravated bank robbery falls within the definition of a "crime of violence" under § 924(c)(3)(A). *See Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (under § 924(c)(3)(A), an inmate convicted of the crime of bank robbery is incarcerated for a "crime of violence"); *see also United States v. Fox*, 2016 WL 3033067, *3 (11th Cir. May 26, 2016) (citing other federal courts of appeals that have held that bank robbery under § 2113(a) constitutes a crime of violence under § 924(c)(3)(A)); *United States v. Carpenter*, 2016 WL 878631, *2 (N.D. Ill. March 8, 2016) (rejecting a *Johnson* challenge to § 924(c) and citing federal courts of appeals that interpret "intimidation in the context of Section 2113(a) as requiring a threat of bodily harm" to satisfy the requirements for § 924(c)(3)(A)); *United States v. Watson*, 2016 WL 866298, *7 (D. Hawaii March 2, 2016) (applying pre-*Johnson* Ninth Circuit case law to hold that Section 2113(a) and (d) are crimes of violence under § 924(c)(3)(A)); *United States v. Strong*, 2015 WL 6394237, *4 (W.D.N.C. Oct. 21, 2015) (applying pre-*Johnson* Fourth Circuit case law to hold that armed bank robbery is a crime of violence under § 924(c)(3)(A)).

*United States v. Taylor*, Crim. No. H-13-101 & Civ. A. No. H-16-1699, 2016 WL 3346543, at *2 (S.D. Tex. June 16, 2016).

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section

2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate-certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file" such a motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *cf. Arnold v. United States*, 598 F. App'x 298, 299 (5th Cir. 2015) (per curiam) (Movant "has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another. Consequently, the district court properly concluded that it lacked jurisdiction over the motion." (citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)); *United States v. Caicedo-Obando*, 426 F. App'x 301, 302 (5th Cir. 2011) (per curiam) ("The appeal is frivolous

because the notice-motion was a successive § 2255 motion that the district court did not have jurisdiction to consider without authorization from this court, which was neither sought nor given." (again citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)).

This clear lack of jurisdiction routinely requires that judges of this Court either deny an unauthorized successive Section 2255 motion or transfer such a motion "for want of jurisdiction" under 28 U.S.C. § 1631. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (transfer of a successive habeas application filed without first obtaining "authorization from the court of appeal" "for want of jurisdiction" under Section 1631 (citing *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam))); *see, e.g.*, *Garcia v. United States*, Nos. 3:12-cv-2420-M-BK & 3:06-cr-303-M (01), 2012 WL 3636876, at *1 (N.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3636873 (N.D. Tex. Aug. 22, 2012) ("Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application." (citing *Key*, 205 F.3d at 774)).

## Analysis

Regardless of any merit, because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Williams's successive Section 2255 motion should be denied without prejudice to him seeking authorization from the Fifth Circuit to pursue a successive motion to vacate (a step Williams indicates he already has taken).

As to his motion to stay, while this Court obtains jurisdiction over a successive habeas application to assess its jurisdiction to the extent of deciding if the application is successive, once it is decided that the application is indeed successive, the Court has only two options – dismiss for lack of jurisdiction or transfer under Section 1631. There is no other option.

As raised in the motion to stay, the undersigned recognizes that a limited stay-and-abeyance doctrine is sparingly applied to 28 U.S.C. § 2254 habeas applications that present claims a petitioner fails to exhaust in state court. But, unlike an unauthorized successive habeas application, over which a district court has no jurisdiction, a district court can rule on the merits of unexhausted claims in a Section 2254 petition. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") (cited in *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.")); *cf. Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" (quoting *Rhines*, 544 U.S. at 277)).

A stay pursuant to *Rhines* is therefore different, because dismissal for failure to exhaust is prudential, not jurisdictional. *See Dispensa v. Lynaugh*, 847 F.2d 211, 217

(5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Staying this action is also unnecessary, for at least two other reasons. First, in recent cases in which movants have sought authorization to file a successive motion in the Fifth Circuit without also filing their motions in this Court, the Fifth Circuit's orders granting authorization have instructed this Court that "[t]he filing date shall be, at the latest, the date the motion for authorization was received in [the Fifth Circuit], unless the district court determines that an earlier filing date should apply." *In re Edmonds*, No. 16-10673 (5th Cir. June 27, 2016) (per curiam) (transferred to this Court with a clerk's letter providing that "[i]n light of this court's order, the 2255 motion should be filed as of May 25, 2016"). Moreover, the applicable limitations period is subject to equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

## Recommendation

Because the Court lacks jurisdiction over Williams's unauthorized successive Section 2255 motion, and because Williams already has moved for authorization in the Fifth Circuit, the Court should dismiss the Section 2255 motion without prejudice and deny the motion to stay.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE